## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

BRUCE WAYNE BROWN                                         PETITIONER
ADC #150922

V.                              NO. 5:18-CV-00272-JM-JTR

WENDY KELLEY,
Director, Arkansas Department of Correction                RESPONDENT

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr.   You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus and Amended Petition filed by Petitioner, Bruce Wayne Brown ("Brown").   *Docs. 2*, *5*. Before addressing Brown's habeas claims, the Court will review the procedural

1

history of the case in state court.

In September of 2011, a jury in Garland County convicted Brown of raping his minor stepdaughter, B.B., and sentenced him to life imprisonment.   Verdict forms, *Doc. 13-2 at pp. 214-215*; Judgment and Commitment Order, *Doc. 13-2, pp. 216-217*.

Brown appealed.   He argued that the trial court erred by: (1) denying his motion to recuse; (2) admitting testimony under the pedophile exception to Arkansas Rule Evidence 404(b); and (3) granting the State's motion *in limine* to exclude evidence of Brown's sexual relationship with his wife.

On October 25, 2012, the Arkansas Supreme Court rejected all of Brown's arguments and affirmed his conviction.   *Brown v. State*, 2012 Ark. 399 ("*Brown I*").   In doing so, the Court held that: (1) Brown failed to prove any actual bias or prejudice by the trial judge or that she erred in denying his motion to recuse; (2) the evidence of Brown raping two other minors was probative of his "depraved sexual instinct for raping minor girls" and "probative of the circumstances in which he came in contact with the girls"[1] and was not too remote in time; and (3) Brown's failure

---

[1] *Brown I*, 2012 Ark. at 9.

to make a proffer of the excluded evidence of his sexual relationship with his wife meant the argument was not preserved for appellate review.

On January 7, 2013, Brown sought postconviction relief by filing a Rule 37 petition with the trial court. *Doc. 13-11, p. 10.* See Ark. R. Cr. P. 37.1. On January 29, 2013, Brown filed a "Petition to Supplement the Record and Request Permission to Add These D.N.A. Facts." *Id. at p. 22.*

In his Rule 37 papers, Brown argued that his trial counsel provided constitutionally ineffective assistance by failing to: (1) object to the testimony of 404(b) witnesses S.G. and H.W. about Brown's prior sexual abuse; (2) call Brown's wife to testify about their sex life; (3) effectively cross-examine the crime lab witnesses about DNA evidence; (4) have Brown mentally evaluated by the Arkansas State Hospital; and (5) present testimony from witnesses Brown asked him to call. Rule 37 Petition, *Doc. 13-11, pp. 10-19; Petition to Supplement, Doc. 13-11, pp. 20-47.*

On March 6, 2013, the trial court filed a one-page order summarily denying Rule 37 relief, without providing any explanation for its ruling. *Doc. 13-7, p. 64.* Brown appealed.

On March 5, 2015, the Arkansas Supreme Court remanded the case and

3

instructed the trial court to make findings of fact on whether Brown properly verified his Rule 37 petition. *Brown v. State*, 2015 Ark. 97; *Doc. 13-13*. Without conducting a hearing, the trial court entered an amended order dismissing Brown's Rule 37 petition for lack of verification. *Doc. 13-8*, *pp. 12-15*. The case returned to the appellate court.

On July 23, 2015, the Arkansas Supreme Court remanded the case for a second time and instructed the trial court to conduct an evidentiary hearing to make findings on the verification issue. *Brown v. State*, 2015 Ark. 311; *Doc. 13-14*.

Before the trial court could conduct a hearing on the issue, the State stipulated that Brown had substantially complied with the verification requirements imposed by Ark. R. Civ. P. 37.1(c). The case then returned to the Arkansas Supreme Court for a merits review of the trial court's March 6, 2013 denial of Rule 37 relief.

On November 19, 2015, the Arkansas Supreme Court reversed and remanded the trial court's denial of Rule 37 relief, with directions to enter "an appropriate order complying with [Ark. R. Crim. P.] Rule 37.3."[2] *Brown v. State*, 2015 Ark. 435, 3,

---

[2] Ark. R. Crim. P. 37.3 gives the trial court two options for disposing of a Rule 37 petition. First, if the trial court determines that "the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief, the trial court shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's

474 S.W.3d 498, 500;  *Doc. 13-15.*

On August 2, 2016, the trial court conducted a Rule 37 evidentiary hearing. Brown was represented by counsel and presented evidence in support of his ineffective assistance of counsel claims.[3]  On September 9, 2016, the trial court entered an Order that contained specific findings of fact and conclusions of law explaining why it rejected Brown's ineffective assistance of counsel arguments and denied Rule 37 relief.  *Doc. 13-17 at pp. 22-25.*  Brown appealed.[4]

On December 14, 2017, the Arkansas Supreme Court summarily affirmed the trial court's denial of postconviction relief on the ground that Brown, in his appeal, had abandoned or waived all the substantive claims raised by his Rule 37 petitions.[5]

---

findings."  Ark. R. Crim. P. 37.3(a).  Second, if the trial court elects *not* to dispose of the Rule 37 petition under Rule 37.3(a), another subsection of the rule directs the trial court to "grant [a] prompt hearing" and "determine the issues and make written findings of fact and conclusions of law with respect thereto."  Ark. R. Crim. P. 37.3(c).

[3] A transcript of the Rule 37 hearing was not among the exhibits provided by Respondent. The Court verified the date of the hearing by accessing the trial court's docket, which is publicly available at https://caseinfo.arcourts.gov.

[4] In his appeal brief, Brown failed to argue the merits of any of his claims for postconviction relief.   Instead, Brown argued only that the trial court's second Order denying Rule 37 relief failed to comply with Ark. R. Crim. P. 37(a).   In making this argument, Brown *ignored* all the specific rulings contained in the trial court's Order.

[5] The Arkansas Supreme Court ruled that Brown's reliance on Rule 37.3(a) for reversal was "misplaced" in light of the evidentiary hearing, which triggered Rule 37.3(c), requiring written

*Brown v. State*, 2017 Ark. 364 (unpublished);   *Doc. 13-19*.

On October 21, 2018, Brown initiated this § 2254 habeas action.   *Doc. 2*.[6]

In his habeas papers, Brown asserts the following claims:

> Claim 1 -   His Fourteenth Amendment due process rights were violated when the trial court judge refused to grant his motion to recuse.[7]

> Claim 2 -   His Fourteenth Amendment due process rights were violated when the state allegedly presented the false witness testimony of S.G..[8]

> Claim 3 -   His trial counsel was constitutionally ineffective for not obtaining any information from the State's criminal prosecution of Brown, in 1991, for raping S.G., and then using that information to cross-examine S.G. during her 404(b) testimony against Brown.[9]

---

findings only as "to any issue upon which a Rule 37 hearing" was held.   It also ruled that it was Brown's obligation to obtain a ruling on any issue he believed was raised in the proceeding below, but not ruled on by the trial court.   *Brown v. State*, 2017 Ark. 364, 3.

[6] On November 23, 2018, he filed an amended habeas Petition. *Doc. 5*.

[7] On direct appeal, Brown challenged the trial court's failure to recuse *based solely on state law grounds*.   He did *not* assert that his federal constitutional rights were violated.

[8] Brown did *not* make this claim in his direct appeal.

[9] In his Rule 37 petition, Brown argued that his trial counsel was ineffective for not discovering and eliciting evidence that the rape charges involving S.G. were *nolle prossed* after S.G.'s mother allegedly told the prosecutor Brown did not rape S.G.   He also alleged that S.G. was mad at Brown because he would not allow S.G. to drink or smoke.   *Doc. 13-7, pp. 15-16*;

In its Order denying all of Brown's claims for Rule 37 relief, the trial court held that,

Count 4 -    His trial counsel was constitutionally ineffective for failing to object to evidence unlawfully seized in a warrantless search.[10]

Count 5 -    His trial counsel was constitutionally ineffective for failing to object to the testimony of a forensic serologist and DNA expert.[11]

Count 6 -    His trial counsel was constitutionally ineffective for failing to object to misrepresentations about DNA made by a forensic serologist.

Count 7 -    His trial counsel was constitutionally ineffective for failing to challenge the chain of custody of evidence sent to the Arkansas State Crime Laboratory.

---

because any claims related to the introduction of 404(b) evidence (which would include S.G.'s testimony) were found to be without merit on direct appeal, *Doc. 13-17, p. 23*, Brown could not establish *Strickland* prejudice with regard to those claims.   *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (to establish prejudice, a habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.");   *Wong v. Belmontes,* 558 U.S. 15, 27 (2009) ("*Strickland* places the burden on the defendant, not the State, to show a 'reasonable probability' that the result would have been different.").

[10] In its Order denying post-conviction relief, the trial court ruled that Brown's claim that the search was conducted prior to a search warrant being issued was "not factual according to the evidence."   *Doc. 13-17, p. 23.*

[11] In connection with the DNA evidence at the heart of Claims 5-7, issues regarding the DNA evidence were developed during the Rule 37 evidentiary hearing, where   Brown's trial counsel testified that he "saw nothing about the [DNA] evidence to conclude any item had been tampered with [or] to question its reliability."   *Doc. 13-17, pp. 24.*   The trial court relied on that testimony to deny Rule 37 relief on those claims.

*Docs. 2, 5.*

Respondent argues that all of Brown's habeas claims should be dismissed, because they are procedurally defaulted. *Doc. 13.* The Court agrees and recommends that Brown's habeas Petition be dismissed, with prejudice.

## II.  Discussion

### A.    The Evidence Against Brown

In affirming Brown's rape conviction on direct appeal, the Arkansas Supreme Court summarized the evidence supporting Brown's conviction of raping B.B. as follows:

> . . . In June 2010, Appellant [Brown] was charged by felony information with two counts of rape, with one count involving B.B. and the other involving G.B., his wife. The rape charge involving his wife was later nol-prossed. With respect to B.B., however, the information alleged that Appellant engaged in sexual intercourse or deviate sexual activity with his minor stepdaughter over the course of almost seven and one-half years from November 2, 2002, through April 27, 2010. The jury saw and heard testimony as well as scientific evidence. B.B. testified that Appellant used his penis and a dildo to penetrate her orally, vaginally, and anally on a weekly basis from the time she was ten until she was seventeen years old. B.B. stated that the first time Appellant raped her she was ten years old and was hospitalized for surgical repair to her vagina following that initial rape. She also testified that Appellant was in charge of disciplining her and used anal penetration as a form of punishment, leaving her bloody and incontinent. Arkansas State Crime Laboratory employees testified as to the results of the sexual-assault examination that was performed on B.B., as well as to the results of the scientific testing

8

performed on items taken from the home where Appellant and his family lived. The employees testified that semen was found inside B.B.'s vagina, on her bed sheet and mattress, and on a blanket. They also testified that Appellant's DNA was found on the bed sheet and mattress. In addition, the jury also heard testimony from a registered nurse who was employed as a sexual-assault nurse examiner with Cooper Anthony Mercy Child Advocacy Center. The nurse testified that B.B. had a markedly abnormal exam, showing multiple occasions of penetrated trauma to her vaginal area. As noted, after finding Appellant guilty of rape, the jury sentenced Appellant to life imprisonment.

*Brown v. State*, 2012 Ark. 399, 1-2, 424 S.W.3d 288, 290 (2012).

During Brown's trial, B.B. offered compelling testimony describing how Brown had raped and sexually abused her for seven years.  Her testimony alone provides adequate support for Brown's rape conviction.  Thus, even if the Court reached the merits of Brown's ineffective assistance of counsel claims, Brown could not demonstrate prejudice.  *Christenson v. Ault*, 598 F.3d 990 (8th Cir. 2010) ("When there is overwhelming evidence of guilt presented, it may be impossible to demonstrate prejudice.");  *Reed v. Norris,* 195 F.3d 1004, 1006 (8th Cir.1999) ("[G]iven the overwhelming evidence of [petitioner's] guilt presented at trial, we find that it would be impossible for him to demonstrate prejudice under *Strickland*.").

**B.    All Of Brown's Federal Habeas Claims Are Procedurally Defaulted**

A habeas petitioner must first "fairly present" his claims in state court *before* seeking § 2254 relief in federal court.  *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus ... shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State").   A petitioner must present the substance of his federal habeas claim not only in the state trial court, but also in "one complete round of the State's established appellate review process."  *Murphy v. King*, 652 F.3d at 848-49;  *Grass v. Reitz*, 643 F.3d 579, 584-85 (8th Cir. 2011).

By exhausting all available state court remedies, a habeas petitioner gives the State that convicted him an "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam).  When a petitioner fails to fully exhaust his claims in state court and the time for doing so has expired, his claims are procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).

Federal habeas review of a procedurally defaulted claim is barred unless a habeas petitioner can demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law or demonstrate that failure to consider

10

his claim will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

### (1)   Brown's Claims Of Error By The Trial Court

Before pursuing federal habeas relief on his two claims of trial error, Brown was required to raise those claims at trial and in his direct appeal of his conviction. See *Ortega v. State*, 2017 Ark. 365, 2, 533 S.W.3d 68, 71 (2017) ("Assertions of trial court error, even those of constitutional dimension, must be raised at trial and on direct appeal.").

### (a)   Claim 1 - Trial Court's Failure to Recuse

Prior to trial, Brown filed a motion in limine to exclude witness testimony about his prior instances of sexual misconduct under the pedophile exception to Ark. R. Evid. 404(b).  *See Kelly v. State*, 2009 Ark. 389, *8 (explaining that under the pedophile exception, "evidence of the defendant's similar acts with the same or other children when it is helpful in showing a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship.").   One of these "other children" was S.G., who Brown allegedly raped *in 1991*.[12]   Judge

_____

[12] S.G. was one of two 404(b) witnesses who testified at trial that Brown raped them when

Hearnsberger, as a deputy prosecutor, was assigned to prosecute Brown on the charge he raped S.G.  However, on behalf of the State, she later agreed to *nolle pross* those charges.

During a pretrial hearing, immediately before S.G. testified, Brown's trial counsel, Louis Lloyd, requested Judge Hearnsberger's recusal, based on her having been involved, twenty years earlier, in the prosecution of Brown for raping S.G.:

> Mr. Lloyd:    Your Honor, from the case – the discovery provided by the State, this individual [S.G.] is going to testify as indicated in the motion about a camping trip in which she was sexually assaulted by the Defendant.  This matter was in fact – and I don't have the case number in front of me, it is in the file – but this was in fact filed.   Criminal charges were filed [against Brown] as a result of this incident in Garland County.  At that time, Your Honor, you were a Deputy Prosecuting Attorney and you were apparently assigned to that case.  This case resulted in a nol pros which would have been a motion by the Prosecuting Attorney's Office in I'm assuming Judge Smitherman's Court at that time in which Judge Smitherman granted the State's motion, therefore, I think it would be inappropriate for Your Honor to sit as Judge in this matter over a situation that you had actually prosecuted.   In other words, putting you in the position of both being a Prosecutor at one time dealing with this issue right here and now being Judge over this case, which I would make a motion that - and I would also add that it could

---

they were each 13 years old.   The trial judge denied Brown's objection to their testimony.

12

potentially lead to the Defendant needing to call you as a witness to testify as to the basis for the State dismissing the charge or nol prossing – moving the Court to nol pros, which as I said was subsequently granted.

So for those reasons, Your Honor, I would move that your recuse from this case and that the case be assigned to another Judge that does not have knowledge of this witness or this particular case.

Prosecutor:   And the State's Response would be that we don't feel that there is any type of conflict here.   I think this case, without having the case number in front of me, I believe was in 1991.   Based upon the case load that I have, I'm sure that this Honorable Court had numerous cases and I don't think that a mere twenty years later that this Court would remember the facts of this case.

In addition, this is simply a witness to 404(b) evidence and we do not feel that the Court would have to be a witness.   I would think that if Mr. Lloyd is going to introduce anything he could introduce certified copies of documents that would not require testimony from this Court and we feel that there is not a conflict and we'd ask that the Court remain on the case.

Court:   Yeah, Mr. Lloyd, I wish that I clearly remembered everything that happened twenty years ago but I seriously don't have any recollection of this whatsoever.   Even seeing this witness doesn't make me recollect any of this. Even seeing your Defendant all these times in Court I've never recollected anything.   So I can honestly say I have no recollection of this case, but even if I did, I don't think that this, being a 404(b) witness, would cause the Court to recuse.   I see no prejudice involved as a result of it, I don't feel that I'm biased in any way whatsoever because of this, so for those reasons, it's denied.

13

*Doc. 13-2*, *pp. 363-366*.[13]

After hearing the proposed testimony of S.G. and the other 404(b) witnesses, the trial court denied Brown's motion in limine.  As a result of this ruling, S.G. testified that: (1) in 1991, at the age of 13, she went on a camping trip; and (2) while on this camping trip, Brown, who was 28, raped her.  *Doc. 13-2*, pp. 366-385 (testimony at pre-trial hearing); *Doc. 13-3*, pp. 174-198 (trial testimony).[14]

On direct appeal, Brown argued Judge Hearnsberger abused her discretion when she failed to recuse and then admitted into evidence 404(b) testimony from S.G. that was "highly prejudicial."  However, in making this argument on direct

---

[13] During his trial and on direct appeal, Brown failed to present or develop any evidence to dispute the trial judge's statement that she had *no memory* of Brown, S.G., or the earlier case in which Brown was charged with raping S.G.

At trial, Brown's counsel cross-examined S.G. about the rape charge against Brown being dropped, and S.G. testified she did not know why this occurred.  *Doc. 13-3*, *pp. 195-196*.  No evidence was presented as to why the charges were dismissed.

Brown contends for the first time in his federal habeas petition that the previous rape charge was dropped *after* DNA excluded him as S.G.'s rapist and that *S.G. confessed to Prosecutor Hearnsberger that the story was "made up"* to keep her parents from "beating her when they found out she had been with an African American whom she was pregnant by."  *Doc. 3 at 16-17* (emphasis added).  Brown provides *no evidence* to support this story or to explain *why* he failed to raise this argument at any point before seeking federal habeas relief.

[14] The State also presented, as 404(b) evidence, the testimony of H.W, who testified Brown raped her when she was 13 years old and spending the Summer with her aunt, who was married to Brown's brother.  *Doc. 13-2*, *pp. 335-366* (testimony at pre-trial hearing); *Doc. 13-3, pp. 136-173* (trial testimony).  Brown's habeas Petition contains no claims challenging the admissibility of H.W.'s testimony.

appeal to the Arkansas Supreme Court, Brown relied solely on state law, and made no reference to his Fourteenth Amendment due process rights being violated. *See* Appellant's Brief, *Doc. 13-4*, *pp. 198-202*.

To have fairly presented a federal due process claim on direct appeal, Brown was required to argue and direct the court's attention "to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Dansby v. Hobbs*, 766 F.3d 809 (8th Cir. 2014) (omitting citation and internal quotations). He failed to do so. Accordingly, this claim is procedurally defaulted.

Ineffective assistance of counsel can be "cause" excusing a procedurally defaulted trial error claim. However, a claim of ineffective assistance must be presented to the state courts as an independent claim *before* it can be used to establish cause for a procedurally defaulted trial error claim. *Williams v. Kemna*, 311 F.3d 895, 897 (8th Cir. 2002) (citing *Murray v. Carrier*, 477 U.S. 478, 481-81 (1986)).

Faced with the reality that he never pursued an ineffective assistance claim related to either his trial or direct appeal counsel's alleged error in failing to "federalize" the recusal issue, Brown instead argues that he "lacked a state remedy to exhaust" in connection with this alleged error. *Doc. 20*, *p. 2*. It is "beyond

15

dispute" that an allegation of ineffective assistance of counsel for failure to raise critical issues that prejudiced a defendant's right to a fair trial may be raised in a Rule 37 petition for postconviction relief under Ark. R. Crim. P. 37.1 through 37.5. *Reed v. State*, 375 Ark. 277, 289 S.W.3d 921 (2008). In his numerous Rule 37 filings in state court, Brown was *required* to include his claims that his trial and direct appeal counsel were constitutionally ineffective for failing to argue the recusal issue as a federal constitutional claim. He simply failed to do so, something that does *not* constitute "cause" to excuse his procedural default of that issue.

Nor can Brown rely on his ignorance of the need to present this claim to the state court, as a ground for excusing his procedural default. Under well-established law, a *pro se* litigant is still charged with knowing the law relevant to his habeas claims, and he cannot fault others for "misinforming" him about the law. *See Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Johnson v. Hobbs,* 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris,* 390 F.3d 595, 597–98 (8th Cir. 2004); *Weeks v. Bowersox,* 106 F.3d 248, 249 (8th Cir. 1997); *Cornman v. Armontrout,* 959 F.2d 727, 729 (8th Cir. 1992).

16

Accordingly, Brown's procedural default bars this Court from considering the merits of his argument that the trial court's denial of his motion to recuse violated his Fourteenth Amendment right to a fair trial.

### (b)   Claim 2 - State's Alleged Use of False Evidence

Brown contends that when the State offered the 404(b) witness testimony of S.G, it knowingly presented false testimony.   In making this argument, Brown is once again raising a claim that he did not present on direct appeal.[15]   *See Howard v. State*, 2012 Ark. 177, 21, 403 S.W.3d 38, 50 (2012) (evidence of prosecutorial misconduct could have been raised on direct appeal).

In his federal habeas Petition, Brown argues, for the first time, that S.G.'s "complete testimony was false," and both the prosecutor and the trial judge *knew* it was false.[16]   *Doc. 5-1, p. 6.*   Because Brown has never before raised this claim, it is procedurally defaulted.

In an effort to save this claim from procedural default, Brown argues that he

---

[15] On direct appeal, Brown argued only that the trial court erred in admitting S.G.'s testimony under Ark. R. Evid. 403 and 404(b).   Brown *never* argued that the State knowingly presented *false testimony* in violation of his federal constitutional rights.   *Doc. 13-4*, *pp. 202-205*.

[16] As stated earlier, Brown has not provided any evidence to support this conclusory allegation or explained why he failed to raise this claim *before* seeking federal habeas relief.

is entitled to the benefit of *Martinez v. Ryan*, 566 U.S. 1 (2012).[17]    However, *Martinez's* equitable exception does *not* apply to procedurally defaulted claims of trial error.    *Dansby v. Hobbs*, 766 F.3d 809, 833-34 (8th Cir. 2014) (declining to extend *Martinez* to claims of trial error or ineffective assistance of direct appeal counsel);    see also *Davila v. Davis*, 137 S. Ct. 2058 (2017) (confirming *Martinez* does not apply to habeas claims based on ineffective assistance of *appellate counsel*).

Accordingly, as a matter of law, Brown is not entitled to a merits review of his procedurally defaulted claim of prosecutorial and judicial misconduct in violation of his federal constitutional rights.

### (2)    Brown's Ineffective Assistance of Counsel Claims

Brown raised all five of his ineffective assistance of trial counsel habeas claims (Claims 3-7) in the Rule 37 petition.    However, in his appeal of the trial court's denial of Rule 37 relief, Brown either waived or abandoned any substantive challenge to the trial court's disposition of those claims.    *Brown v. State*, 2017 Ark.

---

[17] Under *Martinez* and its progeny, cause may exist to excuse an otherwise defaulted ineffective assistance of counsel claim, if the claim is deemed substantial, such that post-conviction counsel (or petitioner, if he had no counsel) was ineffective in not raising it when seeking postconviction review.    *Martinez*, 566 U.S. at 9.

364, 4.

A federal habeas claim is procedurally defaulted where a state court declines to review the claim because it was not raised and presented as required by state procedural rules. *See Moore–El v. Luebbers,* 446 F.3d 890, 896 (8th Cir. 2006), *cert. denied,* 549 U.S. 1059 (2006) ("Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted."). Thus, Brown's ineffective assistance of counsel claims are procedurally defaulted.

Brown attempts to excuse his abandonment of these claims in his Rule 37 appeal by arguing that the trial court's summary ruling failed to provide him with "even a hint of a clue as to why" his Rule 37 claims were denied. *Doc. 20*, *p. 6.* According to Brown, this prevented him from arguing the merits of his claims when appealing the trial court's denial of Rule 37 relief. This argument misrepresents the trial court's Order denying Rule 37 relief, which contained *specific rulings* that Brown could have challenged on appeal. *Doc. 13-17*, *pp. 22-25.* Moreover, if Brown believed that the trial court's rulings were not as specific as he believed they should have been, it was *his duty* to: (1) obtain clarification from the trial court on the rulings in question; and (2) argue the substantive basis for the trial court's errors

19

in deciding those claims in his appeal to the Arkansas Supreme Court.    His failure to discharge those duties cannot excuse his procedural default.

### C.    Actual Innocence Exception

Even procedurally defaulted claims may be reviewed when a habeas petitioner comes forward with new evidence to support a claim of actual innocence.    *Schlup v. Delo*, 513 U.S. 298, 327 (1995) ("actual innocence exception requires a petitioner to show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.");    *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015) (citing *Schlup* ).

Although Brown has not properly asserted actual innocence to excuse his procedural default, [18] the Court considers, *sua sponte*, whether Brown has demonstrated this exception.    Any attempt by Brown to rely on the actual innocence exception would fail because he has not come forward with "new reliable evidence" that was "not available at trial through the exercise of reasonable diligence." *Schlup*, 513 U.S. at 324.    The United States Supreme Court has described "new

---

[18] The closest Brown comes to asserting a claim for actual innocence is his passing statement that he "has always stood by his innocence."    *Doc. 5-1, p. 15*.    This is insufficient to assert a claim of gateway actual innocence.

20

reliable evidence," as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* The Eighth Circuit has further explained that "new evidence" is evidence that was not available at trial and could not have been discovered earlier through the exercise of due diligence. *Nash*, 807 F.3d at 899 (quoting *Amrine*, 238 F.3d at 1028) (citation omitted).

Brown has *not* presented any new evidence, unavailable to him through the exercise of reasonable diligence at trial, that would establish his innocence.[19] Nor can Brown satisfy his burden of demonstrating "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327. Accordingly, the actual innocence exception has no application to the facts in this case.

---

[19] See *Kidd v. Norman*, 651 F.3d 947, 953 (8th Cir. 2011) (habeas petitioner must "come forward not only with new reliable evidence which was not presented at trial, but ... come forward with new reliable evidence which was not available at trial through the exercise of due diligence."); *Oglesby v. Bowersox*, 592 F.3d 922, 926 (8th Cir. 2010) ("a habeas petitioner [must] present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted") (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006) ); *Embrey v. Hershberger*, 131 F.3d 739, 741 (8th Cir. 1997) ("in noncapital cases the concept of actual innocence is easy to grasp, because it simply means the person didn't commit the crime").

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition and Amended Petition for a Writ of Habeas Corpus, *Docs. 2 & 5*, be DENIED and this habeas case be DISMISSED, WITH PREJUDICE.

IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability ("COA") be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.[20]

Dated this 15th day of July, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

---

[20] The COA should be denied because Brown has not shown that reasonable jurists could debate whether his claims should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *See Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003).

22